UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Dyfan, LLC,<br><br>              Plaintiff<br><br>v.<br><br>Target Corporation,<br><br>              Defendant. | Civil Action No.: 6:19-cv-179<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Dyfan, LLC, ("Dyfan" or "Plaintiff"), files this Complaint against Target Corporation seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

**PARTIES**

1. Plaintiff is a Delaware Limited Liability Company, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas 75601.

2. Defendant Target Corporation ("Target" or "Defendant") is a Minnesota Corporation with offices located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Target is registered for the right to transact business in Texas and has Texas taxpayer number 14102151702.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this judicial district under 28 U.S.C. §1400(b). Target maintains regular and established physical places of business within this judicial district, including but not limited to operating retail stores, including the Target retail store located at 8601 Research Blvd, Austin, Texas 78758.

5. Target has committed acts of infringement within this District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) business related to infringing acts as alleged herein; and (ii) regularly conducting or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District. Within this state, Defendant has committed, and continues to commit, acts of patent infringement as alleged herein. In addition, Defendant has derived revenues from its infringing acts occurring within this District. Further, Defendant is subject to the Court's general jurisdiction, including from regularly conducting or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities within Texas and within this District. Further, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products or services within Texas and within this District. Defendant has committed such purposeful acts or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court because of such activity.

## THE PATENTS-IN-SUIT

7.  The United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,973,899 ("the '899 Patent") entitled "SYSTEM FOR LOCATION BASED TRIGGERS FOR MOBILE DEVICES" to Scott Sturges Andrews and Axel Fuchs on May 15, 2018.

8.  Mr. Andrews assigned his rights in the '899 Patent to Inventero, LLC and Sozo Innovations, LLC on October 11, 2017.  *See* Reel/Frame 048417/0576.  Mr. Fuchs assigned his rights in the '899 Patent to Inventero, LLC and Sozo Innovations, LLC on October 13, 2017.  *See* Reel/Frame 048417/0576.  Inventero, LLC assigned its rights in the '899 Patent to Dyfan, LLC on July 17, 2018.  *See* Reel/Frame 048417/0922.  Sozo Innovations, LLC assigned its rights in the '899 Patent to Dyfan, LLC on July 10, 2018.  *See* Reel/Frame 048417/0922.

9.  A true and correct copy of the '899 Patent is attached hereto as Exhibit A.

10. The USPTO duly and legally issued United States Patent No. 10,194,292 ("the '292 Patent") entitled "SYSTEM FOR LOCATION BASED TRIGGERS FOR MOBILE DEVICES" to Scott Sturges Andrews and Axel Fuchs on January 29, 2019.

11. Mr. Andrews assigned his rights in the '292 Patent to Inventero, LLC and Sozo Innovations, LLC on October 11, 2017.  *See* Reel/Frame 048417/0576.  Mr. Fuchs assigned his rights in the '292 Patent to Inventero, LLC and Sozo Innovations, LLC on October 13, 2017.  *See* Reel/Frame 048417/0576.  Inventero, LLC assigned its rights in the '292 Patent to Dyfan, LLC on July 17, 2018.  *See* Reel/Frame 048417/0922.  Sozo Innovations, LLC assigned its rights in the '292 Patent to Dyfan, LLC on July 10, 2018.  *See* Reel/Frame 048417/0922.

12. A true and correct copy of the '292 Patent is attached hereto as Exhibit B.

13. Dyfan is the assignee of all right, title, and interest to the '899 Patent and the '292 Patent ("the Patents-in-Suit"). Accordingly, Dyfan has standing to bring the instant suit to enforce its rights under the patent laws of the United States, including the right to collect damages for past infringement.

14. Dyfan has not practiced any claimed invention of the Patents-in-Suit.

15. The Patents-in-Suit describe and claim systems and methods for location based triggers for mobile devices.

16. The Patents-in-Suit describe systems and methods to broadcast content to a mobile device application (at a mobile device) based on a location (within a facility) of the mobile device that is executing the mobile device application. *See* '899 Patent, at 4:20-27; '899 Patent, at 5:7-12; '899 Patent, at 5:24-63; '292 Patent, at 5:48-55; '292 Patent, at 6:37-40; '292 Patent, at 6:47–7:25.

17. The '899 Patent describes improved systems and methods to deliver "messages targeted to [customer's] specific needs or interests" in real-time while customers are in the stores. *See* '899 Patent, at 15:30-35; '292 Patent, at 16:58-62. The messages are targeted to the customer's specific needs or interests based on a detected location of the customer within a store. *See* '899 Patent, at 5:24-63; '292 Patent, at 6:47–7:25.

18. Defendant infringes the Patents-in-Suit at least by using beacons and a server in conjunction with the Target Mobile Application [Apple Store ID Number 297430070] to display deals at a mobile device based on a location of the mobile device ("Accused System"). *See* '899 Patent Representative Claim Chart attached as Exhibit C; *See also* '292 Patent Representative Claim Chart attached as Exhibit D. The Target Mobile Application displays visual information,

such as images of location-specific "Cartwheel" deals, at the mobile device based on an identifier that uniquely identifies the location of the mobile device.  *See* Exhibits C and D.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 9,973,899)

19. Plaintiff incorporates the above paragraphs by reference.

20. The '899 Patent is valid and enforceable.

21. Dyfan is the sole owner of the '899 Patent.

22. Target uses the Accused System (e.g. in multiple Target retail stores) in the United States.

23. Through the use of the Accused System, Target directly infringed and continues to infringe at least Claim 11 of the '899 Patent.  The '899 Patent Representative Claim Chart shows each and every element of Claim 11 of the '899 Patent is found in the Accused System. *See* Exhibit C.

24. Viewed in light of the specification of the '899 Patent, the claims of the '899 Patent are ***not directed*** to a fundamental economic practice. For example, the '899 Patent describes a facility and broadcast short-range communications unit having a fixed location that is configured to broadcast content to a mobile device (having an application) based on a location of the corresponding mobile device, at 5:24-63.

25. The '899 Patent claims are ***not directed*** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

26. The '899 Patent claims are **not directed** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

27. The Accused System and other information included in the attached Representative Claim Chart, *see* Exhibit C, are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves its right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

28. Target has infringed, and continues to infringe, at least one claim (*e.g.*, claim 11) of the '899 Patent in the United States by making, using, offering for sale, selling, or importing products and/or systems (including for example the Accused System) in violation of 35 U.S.C. § 271(a). *See, e.g.*, '899 Patent Representative Claim Chart (Exhibit C).

29. Plaintiff has been damaged by Target's infringement of the '899 Patent.

30. Target has had actual knowledge of the '899 Patent since at least the date of service of this Complaint, and Target's continued use of the Accused System after such knowledge constitutes willful infringement.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 10,194,292)

31. Plaintiff incorporates the above paragraphs by reference.

32. The '292 Patent is valid and enforceable.

33. Dyfan is the sole owner of the '292 Patent.

34. Target uses the Accused System (e.g. in multiple Target retail stores) in the United States.

35. Through the use of the Accused System, Target directly infringed and continues to infringe at least Claim 28 of the '292 Patent. The '292 Patent Representative Claim Chart shows that each and every element of Claim 28 of the '292 Patent is found in the Accused System. *See* Exhibit D.

36. Viewed in light of the specification of the '292 Patent, the claims of the '292 Patent are *not directed* to a fundamental economic practice. For example, the '292 Patent describes a building that includes a first broadcast short-range communications unit (having a first fixed location) that is configured to broadcast and re-broadcast first messages to multiple mobile devices, '292 Patent at 43:31-49. The building also includes a second broadcast short-range communications unit (having a second fixed location) that is configured to broadcast and re-broadcast second messages to the multiple devices, '292 Patent at 43:48-64. The mobile devices are configured to send messages to a server indicating receipt of the first and second messages, '292 Patent at 44:20-25. Additionally, the mobile devices are configured to display visual content associated with the first and second messages, '292 Patent at 45:13-18.

37. The '292 Patent claims are *not directed* to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

38. The '292 Patent claims are *not directed* to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

39. The Accused System, and other information included in the attached '292 Patent Representative Claim Chart (*see* Exhibit D), are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves its right to identify additional

7

infringing activities, products and services, including, on the basis of information obtained during discovery.

40. Target has infringed, and continues to infringe, at least one claim (*e.g.*, claim 28) of the '292 Patent in the United States by making, using, offering for sale, selling, or importing products and/or systems (including for example the Accused System) in violation of 35 U.S.C. § 271(a). *See, e.g.*, '292 Patent Representative Claim Chart (Exhibit D).

41. Plaintiff has been damaged by Target's infringement of the '292 Patent.

42. Target has had actual knowledge of the '292 Patent since at least the date of service of this Complaint, and Target's continued use of the Accused System after such knowledge constitutes willful infringement.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has infringed one or more claims of the Patents-in-Suit literally or under the doctrine of equivalents;

B. Award Plaintiff past and future damages, to be paid by Defendant, in an amount not less than a reasonable royalty and adequate to compensate Plaintiff for such past and future damages, together with pre-judgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit through the date that such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C. Declare this case exceptional pursuant to 35 U.S.C. §285; and

D.        Award Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 28, 2019                                        Respectfully submitted,

By:   */s/ Jeffrey G. Toler*

Jeffrey G. Toler
Texas Bar No. 24011201
jtoler@tlgiplaw.com
Aakash S. Parekh
Texas Bar No. 24059133
aparekh@tlgiplaw.com
Christopher M. Scurry
    (pending *pro hac* admission)
Texas Bar No. 24076681
cscurry@tlgiplaw.com

**TOLER LAW GROUP, PC**
8500 Bluffstone Cove, Suite A201
Austin, Texas 78759
Tel. (512) 327-5515
Fax (512) 327-5575

*Attorneys for Dyfan, LLC*