# Exhibit C

- 1 -

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 9433 |
|     Andrews et al. | Examiner: MANOHARAN, MUTHUSWAMY G. |
| Application No.: 13/410,197 | |
| | Art Unit: 2645 |
| Filed: 03-01-2012 | |
| | Atty. Docket No.: |
| For:   SYSTEM, METHOD, AND COMPUTER PROGRAM PRODUCT FOR LOCATION AND/OR RELEVANCY BASED TRIGGERS FOR MOBILE DEVICES |     SOZO1P001 |
| | Date:   11/13/2014 |

## PRELIMINARY AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Examiner:

    Please enter the following amendments.

## AMENDMENTS TO THE CLAIMS

Amended claims follow:

1-19. (Cancelled).

20.     (New) An apparatus, comprising:

a wireless component having an identifier, the wireless component configured to broadcast, via a wireless communications protocol, the identifier to at least one mobile device, such that a location of the at least one mobile device is capable of being identified, and an operation is capable of being trigged based on the identifier and the location.

21.     (New) The apparatus of claim 20, wherein the apparatus is operable such that the location of the at least one mobile device is capable of being identified by cooperating with a plurality of the wireless components utilizing received signal strength measurements.

22.     (New) The apparatus of claim 20, wherein the apparatus is operable such that the identifier includes an address.

23.     (New) The apparatus of claim 20, wherein the apparatus is operable such that the identifier of the wireless component is mapped to a logical location.

24.     (New) A system including the apparatus of claim 20, and further comprising a code embodied on a non-transitory computer readable medium for determining the identifier received by the at least one mobile device and the identified location, and providing operation information for use in connection with the triggering of the operation.

25.     (New) A system including the apparatus of claim 20, and further comprising a proxy server for receiving the identifier from the at least one mobile device and the identified location over at least wireless network, and sending operation information to the mobile device for use in connection the triggering of the operation.

- 3 -

26.     (New) A computer program product embodied on a non-transitory computer readable medium, comprising:

        code for receiving, at a mobile device via a wireless communications protocol, an identifier associated with a wireless component;

        code for identifying a location of the mobile device; and

        code for triggering an operation based on the identifier and the location.

27.     (New) The computer program product of claim 26, wherein the computer program product is operable such that the location of the at least one mobile device is capable of being identified by cooperating with a plurality of the wireless components utilizing received signal strength measurements.

28.     (New) The computer program product of claim 26, wherein the computer program product is operable such that the identifier includes an address.

29.     (New) The computer program product of claim 26, wherein the computer program product is operable such that the identifier of the wireless component is mapped to a logical location.

30.     (New) The computer program product of claim 26, and further comprising a code for determining the identifier received by the at least one mobile device and the identified location, and providing operation information for use in connection with the triggering of the operation.

31.     (New) A system including the computer program product of claim 26, and further comprising a proxy server for receiving the identifier from the at least one mobile device and the identified location over at least wireless network, and sending operation information to the mobile device for use in connection the triggering of the operation.

- 4 -

32.     (New) The computer program product of claim 26, wherein the computer program product is operable such that the wireless component is also associated with at least one service attribute.

33.     (New) The computer program product of claim 32, wherein the computer program product is operable such that the at least one service attribute comprises an attribute type and an attribute value.

34.     (New) The computer program product of claim 32, wherein the computer program product is operable such that the at least one service attribute includes a digital key used for encryption.

35.     (New) The computer program product of claim 26, further comprising code for displaying content on a display screen of the mobile device based on relevancy information.

36.     (New) The computer program product of claim 20, wherein the computer program product is operable such that at least one location attribute associated with the wireless component is stored in a location database associated with a location proxy server.

37.     (New) The computer program product of claim 36, wherein the computer program product is operable such that the at least one location attribute is associated with the wireless component via manual entry by a system administrator.

38.     (New) The computer program product of claim 36, wherein the computer program product is operable such that the location proxy server is in communication with one or more subscriber databases that include information related to the at least one location attribute.

39.     (New) The computer program product of claim 38, wherein the computer program product is operable such that the location proxy server is capable of being configured to transmit the information related to the at least one location attribute to any mobile devices having a current location matching the at least one location attribute.

40.    (New) An apparatus, comprising:

a proxy server for:

receiving an identifier from at least one mobile device that was received by the at least one mobile device from a wireless component;

receiving a location of the at least one mobile device that is identified via cooperation with a plurality of the wireless components utilizing received signal strength measurements; and

sending operation information to the mobile device, based on the identifier and the location, for use in connection triggering an operation on the at least one mobile device.

REMARKS

The claims in the present application have been amended to clarify the claimed invention. Further, it should be noted that no claims are intended to be construed under 35 U.S.C. 112, paragraph 6.

Applicant includes fees for the newly added claims. Applicant does not believe that any other fees are due. However, in the event that any other fees are due, the Director is hereby authorized to charge any required fees due (other than issue fees), and to credit any overpayment made, in connection with the filing of this paper to Deposit Account No. 50-5939 (Order No. SOZO1P001).

Should the Examiner deem that any further amendment is desirable to place this application in condition for allowance, Applicant invites the Examiner to telephone the undersigned attorney at the number listed below.

Respectfully submitted,

Dated: 13 Nov 2014
The Caldwell Firm, LLC                                   Patrick E. Caldwell, Esq.
PO Box 59655                                             Reg. No. 44,580
Dallas, Texas 75229-0655
Telephone: (214) 734-2313
pcaldwell@thecaldwellfirm.com



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/410,197 | 03/01/2012 | Scott Sturges Andrews | SOZO1P001 | 9433 |

92045          7590          05/01/2019
The Caldwell Firm, LLC
PO Box 59655
Dept. SVIPGP
Dallas, TX 75229

| EXAMINER |
|---|
| MANOHARAN, MUTHUSWAMY GANAPATHY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/01/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

pcaldwell@thecaldwellfirm.com
eofficeaction@appcoll.com

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* SCOTT STURGES ANDREWS and AXEL FUCHS

_____

Appeal 2017-011251
Application 13/410,197
Technology Center 2600

_____

Before JEAN R. HOMERE, NABEEL U. KHAN, and
MICHAEL M. BARRY, *Administrative Patent Judges*.

KHAN, *Administrative Patent Judge*.

DECISION ON APPEAL

Appellants appeal under 35 U.S.C. § 134(a) from the Final Rejection
of claims 20–46.  Claims App'x.  Claims 1–19 have been canceled.  *Id.*  We
have jurisdiction under 35 U.S.C. § 6(b).

We affirm.

Appeal 2017-011251
Application 13/410,197

## BACKGROUND

### THE INVENTION

Appellants describe the claimed subject matter as follows:

> A system, method, and computer program product are
> provided for location and/or relevancy based triggers for
> mobile devices. In one embodiment, a location is
> identified, and information is communicated with the at
> least one mobile device, based on the location. In another
> embodiment, information and relevancy data is received at
> at [sic] least one mobile device, and the information is
> conditionally displayed with the at least one mobile
> device, based on the relevancy data.

Abstract.

Exemplary independent claim 20 is reproduced below.

20.    An apparatus, comprising:

a wireless component having an identifier including at
least three fields stored thereon for an unsolicited broadcasting
thereof for intended receipt by any of a plurality of mobile
devices in a communication range, the wireless component
configured to broadcast without solicitation, via a wireless
communications protocol, one or more messages including an
address portion and the identifier including the at least three
fields, such that the one or more messages are received and
processed by at least one of the plurality of mobile devices
without solicitation by the at least one mobile device, where at
least one value of one or more of the at least three fields of the
identifier is associated with a particular predetermined
application and location-relevant information such that an
operation of the particular predetermined application is capable
of being triggered based on the at least one value of the one or
more of the at least three fields of the identifier, the operation of
the particular predetermined application resulting in control of
one or more mobile device application functions of the particular
predetermined application and the location-relevant information

2

Appeal 2017-011251
Application 13/410,197

> being output via the at least one mobile device utilizing the
> particular predetermined application.

App. Br. 20 (Claims Appendix).

## REFERENCES AND REJECTIONS

1.      Claims 20, 22, 26, 28, 32, and 41–46 stand rejected under 35
U.S.C. § 103(a) as unpatentable over Ephraim (US 7,200,387 B1, issued
April 3, 2007) and Johnson (US 2014/0080521 A1, published March 20,
2014).  Final Act. 2–4.

2.      Claims 21 and 27 stand rejected under 35 U.S.C. § 103(a) over
Ephraim, Johnson, and Mia (US 2010/0120394 A1, published May 13,
2010).  Final Act. 5.

3.      Claims 23, 24, 29, 30 stand rejected under 35 U.S.C. § 103(a)
over Ephraim, Johnson, and Grainger (US 2011/0250901 A1, published
October 13, 2011).  Final Act. 5–7.

4.      Claims 25, 31, 36, 38, and 39 stand rejected under 35 U.S.C.
§ 103(a) over Ephraim, Johnson, and Sudit (US 2007/0060171 A1,
published March 15, 2007).  Final Act. 7–9.

5.      Claim 33 stands rejected under 35 U.S.C. § 103(a) over
Ephraim, Johnson, and Zellner (US 2012/0034930 A1, published February
9, 2012).  Final Act. 9–10.

6.      Claim 34 stands rejected under 35 U.S.C. § 103(a) over
Ephraim, Johnson, and Cedervall (US 2004/0203900 A1, published October
14, 2004).  Final Act. 10.

Appeal 2017-011251
Application 13/410,197

7.    Claim 35 stands rejected under 35 U.S.C. § 103(a) over
Ephraim, Johnson, and Lincke (US 2001/0044310 Al, published November
22, 2001).  Final Act. 10.

8.    Claim 37 stands rejected under 35 U.S.C. § 103(a) over
Ephraim, Johnson, and Fortescue (US 2008/0102856 A1, published May 1,
2008).  Final Act. 11.

9.    Claim 40 stands rejected under 35 U.S.C. § 103(a) over Lincke
and Johnson.  Final Act. 11–13.

## DISCUSSION

### *Claim 20[1]*

The Examiner finds Ephraim teaches a message with many fields
including an application ID field that is used to trigger program code
resident on a mobile station for a location based service application.  *See*
Final Act. 3 (citing Ephraim Table 1, 3:20–37, 5:63–65, claim 2).  The
Examiner also finds Johnson teaches "the wireless component unsolicited
broadcasting thereof for intended receipt by any of a plurality of mobile
devices in a communication range."  Final Act. 3 (citing Johnson, claim 15).
The Examiner has thus made a *prima facie* case of obviousness regarding
claim 20.

Appellants argue that Ephraim and Johnson do not teach every
limitation of claim 20.  App. Br. 10.  Appellants' argument is quoted below:

However, disclosing a location-based service which
determines and tracks a physical location of a mobile station and

---

[1] Appellants argue claims 20–39, 41–46 as a group and address only the
limitations of claim 20.  App. Br. 7–14.  We consider claim 20 to be
representative and, therefore, we decide the rejection of this group of claims
on the basis of claim 20.  *See* 37 C.F.R. § 41.37(c)(1)(iv).

4

Appeal 2017-011251
Application 13/410,197

that a location fix is presented to a user, as in the Ephraim excerpt(s) relied upon, in addition to disclosing a general location based action associated with the broadcast unidirectional wireless data record, as in the Johnson excerpt(s) relied upon, does not teach or suggest:

a wireless component having an identifier including <u>at least **three fields** stored thereon for an **unsolicited broadcasting**</u> thereof for intended receipt by any of a plurality of mobile devices in a communication range, the wireless component configured to broadcast without solicitation, via a wireless communications protocol, one or more messages including an **address portion** and the identifier including the at least three fields, such that the one or more messages are received and processed by at least one of the plurality of mobile devices <u>without solicitation</u> by the at least one mobile device, where at least one value of one or more of the at least three fields of the identifier is associated with a particular predetermined application and **location-relevant information** such that an operation of the particular predetermined application is capable of being triggered based on the at least one value of the one or more of the at least three fields of the identifier, the operation of the particular predetermined application resulting in control of one or more mobile device application functions of the particular predetermined application and the <u>location-relevant information</u> being output via the at least one mobile device utilizing the particular predetermined application.

App. Br. 10. Appellants additionally argue that Ephraim's disclosure of a "location fix" fails to teach "location-relevant information," at a minimum, "where <u>at least one value of one or more of the at least three fields of the identifier is associated with a particular predetermined application and location-relevant information</u>." Reply Br. 6.

In order to rebut a *prima facie* case of unpatentability, Appellants must distinctly and specifically point out the supposed Examiner errors, and the specific distinctions believed to render the claims patentable over the

Appeal 2017-011251
Application 13/410,197

applied reference.  *See* 37 C.F.R. § 1.111(b); *see also* 37 C.F.R.

§ 41.37(c)(1)(iv) (2012) ("A statement which merely points out what a claim

recites will not be considered an argument for separate patentability of the

claim."); *In re Lovin*, 652 F.3d 1349, 1357 (Fed. Cir. 2011) ("[W]e hold that

the Board reasonably interpreted Rule 41.37 to require more substantive

arguments in an appeal brief than a mere recitation of the claim elements and

a naked assertion that the corresponding elements were not found in the

prior art.").  As can be seen, Appellants merely provide a generalized

characterization of the prior art references and then argue that those

references do not teach or suggest claim 20, while quoting nearly the entirety

of the claim.  Appellants do not sufficiently explain how or why Ephraim's

Table 1 does not teach the claimed "identifier including at least three fields"

or why Ephraim's location fix fails to teach the claimed "location-relevant

information."  Merely pointing out certain claim features recited in

independent claim 20 and nakedly asserting that none of the cited prior art

references teach or suggest such features does not amount to a sufficient

patentability argument.  We find this approach to be conclusory and

unpersuasive in showing Examiner error.

Appellants next argue that with respect to claims 20 and 26, "the

record does not reflect an explicit analysis persuasively demonstrating why a

skilled artisan would be reasonably motivated to attempt the proposed

combination and/or modification of the art of record."  App. Br. 12.

Appellants also argue "no skilled artisan would be reasonably motivated to

combine or modify the art of record as proposed in the rejection because

Ephraim teaches away from combination with Johnson."  App. Br. 12.

Specifically, Appellants argue that Ephraim's "remote client server

6

Appeal 2017-011251
Application 13/410,197

interaction system using non-localized two way communications . . . teaches
<u>away</u> from [Johnson's] peer to peer system" because the two systems have
very few similarities and serve substantially different purposes.  App. Br. 13.

     We are unpersuaded by Appellants' argument.  The Examiner
provides a reason with rational underpinning for combining the references
by stating that "Johnson's teaching of proactively providing information
through unsolicited broadcasting is improvement over Ephraim/Lincke in
invoking location based applications."  Advisory Act. 2.  Appellants'
primary argument for why the two references cannot be combined is that
they teach away from each other, but Appellants' arguments fail to establish
teaching away under the appropriate standard.  Teaching away requires a
reference to actually criticize, discredit, or otherwise discourage the claimed
solution.  *See In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004) ("The prior
art's mere disclosure of more than one alternative does not constitute
teaching away from any of these alternatives because such disclosure does
not criticize, discredit, or otherwise discourage the solution claimed.")
Moreover, "[a] finding that two inventions were designed to resolve
different problems . . . is insufficient to demonstrate that one invention
teaches away from another."  *Nat'l Steel Car, Ltd. V. Canadian Pac. Ry.,
Ltd.*, 357 F.3d 1319, 1339 (Fed. Cir. 2004).  Here, Appellants' argument that
Ephraim and Johnson "serve substantially different purposes" because
Ephraim is a client server system while Johnson is a peer to peer system
does not show that one reference criticizes or discredits the other or that one
would not be combined with the other given the Examiner's stated
motivation for doing so.

7

Appeal 2017-011251
Application 13/410,197

*Claim 40*

The Examiner finds Lincke teaches the claimed "message including an address portion and the identifier including the at least three fields" in the form of a query being received by Lincke's proxy server, the query containing at least four fields, including type of cuisine, price, type of services and a field identifying location and address.  Ans. 6–7 (citing Lincke ¶¶ 26–29, 36, 37, Fig. 1); *see also* Final Act. 11–12.  The Examiner further finds Johnson teaches "the wireless component unsolicited broadcasting thereof for intended receipt by any of a plurality of mobile devices in a communication range."  Final Act. 12 (citing Johnson, claim 15).

> Appellants argue:
>
> disclosing a query form, which may contain four fields for user input, including location (either defined by name of city or by distance), as in the Lincke excerpt(s) relied upon, in addition to disclosing a general location based action associated with the broadcast unidirectional wireless data record, as in the Johnson excerpt(s) relied upon, does not teach or suggest "receiving, from at least one mobile device, <u>an identifier including at least **three fields** that was received without solicitation</u> by the at least one mobile device in a communication range from a wireless component in the form of at least one message including <u>an **address portion**</u> and the identifier including the at least three fields, where the at least one message is received by the at least one mobile device <u>without solicitation</u> by the at least one mobile device in connection with an <u>unsolicited broadcast</u> thereof for intended receipt by any of a plurality of mobile devices in the communication range" (emphasis added), as claimed by Appellant.

App. Br. 14–15; *see also* Reply Br. 11 ("However, merely teaching a plurality of 'fields' as in LINCKE does <u>not</u> specifically teach 'an <u>identifier</u> including <u>at least three fields</u> that was received **without** solicitation'").

8

Appeal 2017-011251
Application 13/410,197

Appellants make a similar argument regarding the "sending" limitation of claim 40. *See* App. Br. 16 (arguing that "generally disclosing that a mobile device displays a response on its screen, as in the Lincke excerpt(s) relied upon, in addition to disclosing a general location based action associated with the broadcast unidirectional wireless data record, as in the Johnson" does not teach the sending limitation of claim 40); *see also* Reply Br. 12–13.

As with arguments made with respect to claim 20, Appellants' argument here lacks sufficient analysis to be persuasive of Examiner error. For example, Appellants do not explain why Lincke's query form, which includes at least four fields, one of which identifies address and location, does not teach a message with an address portion and an identifier with at least three fields. Similarly, Appellants do not explain why the combination of Lincke and Johnson does not teach that this identifier would be received without solicitation, or why Lincke's response 154 does not teach the "sending" step of claim 40.

> Appellants further argue

> the Johnson reference still does not teach or suggest "at least three fields that was received without solicitation," much less in the entire context as claimed: "receiving, from at least one mobile device, an identifier including at least **three fields** that was received without solicitation by the at least one mobile device in a communication range from a wireless component in the form of at least one message including an **address portion** and the identifier including the at least three fields, where the at least one message is received by the at least one mobile device without solicitation by the at least one mobile device in connection with an unsolicited broadcast thereof for intended receipt by any of a plurality of mobile devices in the communication range" (emphasis added), as claimed by Appellant.

App. Br. 15; *see also* App. Br. 16.

9

Appeal 2017-011251
Application 13/410,197

Again, we find these arguments to be conclusory and without sufficient analysis and reasoning.  Furthermore, Appellants are attacking Johnson individually rather than addressing the Examiner's findings as a whole.  The Examiner relied on Johnson to teach the unsolicited broadcasting of the message (Final Act. 12) and relied upon Lincke as teaching the claimed identifier including at least three fields (*see* Final Act. 11–12 (citing Lincke, Fig. 1, ¶¶ 27, 37)).  One cannot show nonobviousness by attacking references individually when the rejection is based on a combination of references.  *In re Merck & Co. Inc.*, 800 F.2d 1091, 1097 (Fed. Cir. 1986); *see also In re Keller,* 642 F.2d 413, 425 (CCPA 1981) (explaining tThe relevant inquiry is whether the claimed subject matter would have been obvious to those of ordinary skill in the art in light of the *combined teachings* of those references).

## DECISION

The Examiner's rejection of claims 20–46 is affirmed.

No time period for taking any subsequent action in connection with this appeal may be extended.  *See* 37 C.F.R. § 1.136(a)(1)(iv).

## AFFIRMED

10

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note:  The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

**92045**

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above.  (Note:  Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number:

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |

| City | | State | | Zip | |
|---|---|---|---|---|---|
| Country | | | | | |
| Telephone | | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

# Dyfan, LLC

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✔] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | /Andrew Gordon/ | Date (Optional) | |
|---|---|---|---|
| Name | Andrew Gordon | | |
| Title | Managing Member | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 36027254 |
| **Application Number:** | 13410197 |
| **International Application Number:** | |
| **Confirmation Number:** | 9433 |
| **Title of Invention:** | SYSTEM, METHOD, AND COMPUTER PROGRAM PRODUCT FOR LOCATION AND/OR RELEVANCY BASED TRIGGERS FOR MOBILE DEVICES |
| **First Named Inventor/Applicant Name:** | Scott Sturges Andrews |
| **Customer Number:** | 92045 |
| **Filer:** | Patrick Edgar Caldwell |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | SOZO1P001 |
| **Receipt Date:** | 15-MAY-2019 |
| **Filing Date:** | 01-MAR-2012 |
| **Time Stamp:** | 23:31:17 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Assignee showing of ownership per 37 CFR 3.73 | SOZO1P001_373b_vF_15-May-2019.pdf | 176548 <br> dbdfa15ff993bed3a2b54b6693617171925 96b77 | no | 2 |

**Warnings:**

**Information:**

| 2 | Power of Attorney | Dyfan_POA.pdf | 168034 | no | 1 |
|---|---|---|---|---|---|
| | | | b62493419893a42da77f84fa8910fe9e20cd6d5 | | |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 344582 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/96 (11-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner:  Dyfan, LLC

Application No./Patent No.:  13410197                     Filed/Issue Date:  2012-03-01

Titled:
SYSTEM, METHOD, AND COMPUTER PROGRAM PRODUCT FOR LOCATION AND/OR...

Dyfan, LLC _____, a      Limited Liability Company _____

(Name of Assignee)                                   (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1.  ■   the assignee of the entire right, title, and interest in;

2.  ☐   an assignee of less than the entire right, title, and interest in
        (The extent (by percentage) of its ownership interest is _____ %); or

3.  ☐   the assignee of an undivided interest in the entirety of (a complete assignment from one of the joint inventors was made)

the patent application/patent identified above, by virtue of either:

A.  ☐   An assignment from the inventor(s) of the patent application/patent identified above.  The assignment was recorded in
        the United States Patent and Trademark Office at Reel_____, Frame_____, or a copy*
        is attached.

OR

B.  ■   A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

        1. From:  Scott Andrews and Axel Fuchs _____     To:  Inventero, LLC and Sozo Innovations, LLC ____

            The document was recorded in the United States Patent and Trademark Office at
            Reel 048417 _____,     Frame 0576 _____,   or a copy* is attached.

        2. From:  Inventoro, LLC and Sozo Innovations, LLC     To: Dyfan, LLC _____

            The document was recorded in the United States Patent and Trademark Office at
            Reel 048417 _____,     Frame 0922 _____,   or a copy* is attached.

        3. From:  _____     To:  _____

            The document was recorded in the United States Patent and Trademark Office at
            Reel_____,     Frame_____,   or a copy* is attached.

    ☐   Additional documents in the chain of title are listed on a supplemental sheet(s).

■   *As required by 37 CFR 3.73(b)(1)(i), if a copy/copies is/are attached, the documentary evidence of the chain of title from the
    original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

    [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in
    accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Patrick Caldwell/ _____          15 May 2019 _____
        Signature                                                Date

Patrick Caldwell _____           44580 _____
    Printed or Typed Name                                 Title or Registration Number

This collection of information is required by 37 CFR 3.73(b).  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to
process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14.  This collection is estimated to take 12 minutes to complete, including
gathering, preparing, and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time
you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S.
Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO: Commissioner
for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/410,197 | 03/01/2012 | Scott Sturges Andrews | SOZO1P001 |

**CONFIRMATION NO. 9433**

92045
The Caldwell Firm, LLC
PO Box 59655
Dept. SVIPGP
Dallas, TX 75229

**POA ACCEPTANCE LETTER**


*OC000000108281391*

Date Mailed: 05/20/2019

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 05/15/2019.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/sstephanos/
_____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/410,197 | 03/01/2012 | Scott Sturges Andrews | SOZO1P001 | 9433 |

92045          7590          08/09/2019
The Caldwell Firm, LLC
PO Box 59655
Dept. SVIPGP
Dallas, TX 75229

| EXAMINER |
|---|
| MANOHARAN, MUTHUSWAMY GANAPATHY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/09/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

eofficeaction@appcoll.com
pcaldwell@thecaldwellfirm.com

| | Application No. | Applicant(s) |
|---|---|---|
| *Notice of Abandonment* | 13/410,197 | Andrews et al. |
| | **Examiner** | **Art Unit** |
| | MUTHUSWAMY G MANOHARAN | 2645 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

This application is abandoned in view of:

1. ☐ Applicant's failure to timely file a proper reply to the Office letter mailed on _____.
   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.
   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CFR 1.113 to the final rejection. (A proper reply under 37 CFR 1.113 to a final rejection consists only of:(1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) if this is utility or plant application, a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. Note that RCEs are not permitted in design applications.)
   (c) ☐ A reply was received on _____ but it does not constitute a proper reply, or a bona fide attempt at a proper reply, to the non-final rejection. See 37 CFR 1.85(a) and 1.111. (See explanation in box 7 below).
   (d) ☐ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).
   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance (PTOL-85).
   (b) ☐ The submitted fee of $ _____ is insufficient. A balance of $ _____ is due.
       The issue fee required by 37CFR 1.18 is $ _____. The publication fee, if required by 37 CFR 1.18(d), is $ _____.
   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file corrected drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).
   (a) ☐ Proposed corrected drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.
   (b) ☐ No corrected drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record or other party authorized under 37 CFR 1.33 (b). See 37 CFR 1.138(b).

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34) upon the filing of a continuing application.

6. ☑ The decision by the Board of Patent Appeals and Interference rendered on <u>01 May 2019</u> and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The reason(s) below:

_____

/MUTHUSWAMY G MANOHARAN/
Primary Examiner, Art Unit 2645

Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.

U.S. Patent and Trademark Office
PTOL-1432 (Rev. 07-14)                    **Notice of Abandonment**                    Part of Paper No. 20190806