IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYFAN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | : <br> : <br> : <br> : <br> : C.A. No. 6:19-cv-00179-ADA <br> : <br> : <br> : <br> : <br> : <br> : |

**AGREED AMENDED SCHEDULING ORDER**

On March 31, 2019, the Court conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing and the Joint Motions to Amend Scheduling Order filed on September 3, 2019 and February 4, 2020, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
|---|---|
| June 14, 2019 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also produce (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| June 14, 2019 | Deadline for Motions to Transfer |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

1

| | |
|---|---|
| August 9, 2019 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. |
| August 13, 2019 | Parties exchange claim terms for construction |
| August 27, 2019 | Parties exchange proposed claim constructions |
| August 27, 2019 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions |
| September 26, 2019 | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| October 17, 2019 | Parties file Responsive claim construction briefs, |
| October 31, 2019 | Parties file Reply claim construction briefs. |
| November 8, 2019 | Parties submit Joint Claim Construction Statement, optional tutorials, and consolidated briefing collated by Opening, Response, and Reply. |
| December 19, 2019 | Markman Hearing at 10:00 a.m. |
| 1 week after Markman hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing | Deadline to add parties |
| 14 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. |
| 12 weeks after Markman hearing | Deadline to amend pleadings.  A motion is not required unless the amendment adds patents or claims. |
| 21 weeks after Markman hearing | Close of Fact Discovery |

| 24 weeks after Markman hearing | Opening Expert Reports |
|---|---|
| 28 weeks after Markman hearing | Rebuttal Expert Reports |
| 31 weeks after Markman hearing | Close of Expert Discovery |
| 32 weeks after Markman hearing | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue.  The parties shall file a report within 5 business days regarding the results of the meet and confer. |
| 34 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 36 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, designations) |
| 38 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures |
| 39 weeks after Markman hearing | Serve objections to rebuttal disclosures and File Motions *in limine* |
| 40 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, designations); file oppositions to motions *in limine*. |
| 41 weeks after Markman hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 43 weeks after Markman hearing | Final Pretrial Conference |
| 44-47 weeks after Markman hearing | Jury Selection/Trial |

SIGNED February 6, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

- 3 -