IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYFAN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION<br><br>    Defendants. | Civil Action No. 6:19-cv-00179-ADA<br><br>JURY TRIAL DEMANDED |

**UNOPPOSED CONTINGENT MOTION FOR EXTENSION OF
TIME TO FILE NOTICE OF APPEAL**

Plaintiff Dyfan, LLC ("Dyfan") respectfully files this Contingent Motion for Extension of Time to File Notice of Appeal. Counsel for the Parties have conferred and Defendant, Target Corporation ("Target") (collectively, "the Parties") does not oppose this Motion.

**I. BACKGROUND**

On November 25, 2020, the Court entered its Claim Construction Order. (Dkt. No. 57.) Given the Claim Construction Order, Dyfan and Defendant Target Corporation ("Target") filed a Joint Stipulation of Dismissal and Final Judgment on January 29, 2021, which the Parties noted was "subject to the approval of the Court . . . .". (D.I. 58 at 1.) The Parties further noted it was "for purposes of allowing appeal of the foregoing order." (D.I. 58 at 2.) The Parties also filed a Proposed Order Granting Joint Stipulation of Dismissal and Final Judgment ("Proposed Order"). (D.I. 58-1.) The Court has yet to enter the Proposed Order.

Dyfan believes the above referenced joint filing was done pursuant to Fed. R. Civ. P. 58(d), as evidenced by, among other things, the Parties statement that it was subject to the

approval of the Court and the Parties providing a proposed order so that the Court could set out its Final Judgment in a separate document consistent with Fed. R. Civ. P. 58(d).

However, Dyfan, out of abundance of caution, respectfully requests an extension of time to file its Notice of Appeal contingent on whether the Court finds that the Parties' joint filing is considered to be filed under Fed. R. Civ. P. 41(a). In that event, Dyfan's deadline for filing its Notice of Appeal would have been March 1, 2021—one day before the filing of this motion.

## II.   LEGAL STANDARDS

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4. The district court has broad discretion in finding excusable neglect or good cause. *E.g.*, *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 808 F.2d 1249, 1251 (7th Cir. 1987).

## III.   ARGUMENT

Here, as a threshold matter, Dyfan believes the Parties' earlier joint filing seeking final judgment was done pursuant to Fed. R. Civ. P. 58(a). Dyfan is seeking an extension only in the event the Court disagrees given that the Parties did not expressly reference Fed. R. Civ. P. 58(a) in the earlier joint filing and the resulting potential for some uncertainty.

In the event the Court disagrees with Dyfan, good cause exists to grant this motion. Target will not be prejudiced by a brief delay in the filing of a Notice of Appeal. Dyfan is also filing this motion within 30 days after the time prescribed should Fed. R. Civ. P. 41(a) be applied. In fact, Dyfan is filing this motion only one day after what the deadline would be should the Court disagree with Dyfan's understanding of the Parties' joint motion. Dyfan submits this also demonstrates its good faith in seeking this extension. There is also no

prejudicial impact on the judicial proceeding. A delay of potentially 30 days (Dyfan intends to file its Notice of Appeal as soon as authorized) should not negatively impact the proceeding in any way.

Further, Dyfan believes the present motion meets the requirement for excusable neglect or good cause. The present motion is being filed out of an abundance of caution and Dyfan strongly believes that the Parties' joint filing seeking final judgment was not done under Fed. R. Civ. P. 41(a). But given the potential ambiguity in the Parties' joint filing, Dyfan submits it meets the requirement for excusable neglect or good cause. *See Treasurer v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (finding excusable neglect because of error in attempting to comply with deadline); *see also Properties Unlimited, Inc. v. Cendant Mobility Servs.*, 384 F.3d 917, 921 (7th Cir. 2004) (noting ambiguity can be circumstance for finding notice of appeal timely).

### IV.   CONCLUSION

Dyfan respectfully requests that should the Court consider the Parties' Joint Stipulation of Dismissal and Final Judgment having been filed pursuant to Fed. R. Civ. P. 41(a), the Court grant the present motion for an extension of time to file Dyfan's Notice of Appeal.

Date: March 2, 2021

*/s/ Timothy Devlin*
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice*)
ddahlgren@devlinlawfirm.com
Nadiia Loizides (*pro hac vice*)
nloizides@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington Delaware 19806
Tel: (302) 449-9011
Fax: (302) 353-4251

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7-1(i), the undersigned, counsel for Plaintiff, hereby certifies that on March 2, 2021, counsel for Plaintiff, Derek Dahlgren, conferred by email with counsel for Defendant and that Defendant is unopposed to the relief requested herein.

*/s/ Derek Dahlgren*
Derek Dahlgren

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

*/s/ Timothy Devlin*
Timothy Devlin