# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYFAN, LLC,<br><br>            Plaintiff,<br>v.<br><br>TARGET CORPORATION,<br><br>            Defendant | **Civil Action No.: 6:19-cv-00179-ADA**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |
| DYFAN, LLC,<br><br>            Plaintiff,<br>v.<br><br>TARGET CORPORATION,<br><br>            Defendant | **Civil Action No.: 6:21-cv-00114-ADA**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**ORDER ON PLAINTIFF DYFAN, LLC'S CONTESTED
MOTION TO DISMISS WITHOUT PREJUDICE**

Before the Court is Plaintiff Dyfan, LLC's ("Dyfan") Contested Motion to Dismiss Without Prejudice (the "Motion"). ECF No. 79. Defendant Target Corporation ("Target") filed its Response in opposition, ECF No. 83, to which Dyfan filed its Reply, ECF No. 88. After carefully considering the Motion, Response, and Reply, the Court **GRANTS** the Motion for the following reasons.

## I. BACKGROUND

Dyfan filed a complaint against Target on February 28, 2019, asserting infringement of

1

U.S. Patent Nos. 9,973,899 (the "'899 Patent") and 10,194,292 (the "'292 Patent") (collectively, the "*Dyfan I* Patents"). ECF No. 1.[1] Target filed its answer on May 10, 2019, which included affirmative defenses but no counterclaims. ECF No. 20. The Court held a Markman hearing on December 19, 2019, at which it found all asserted claims invalid under 35 U.S.C. ¶ 112. ECF No. 48. The Court issued its claim construction order on November 24, 2020, ECF No. 57, and the parties filed a joint stipulation for entry of final judgment on January 29, 2021. ECF No. 58. Dyfan appealed on March 3, 2021. ECF No. 62.

Dyfan filed another complaint against Target in *Dyfan II* on February 2, 2021, asserting infringement of U.S. Patent No. 10,631,146 ("the '146 Patent" or "*Dyfan II* Patent"). *Dyfan v. Target*, Civ. No. 6:21-cv-114 ("*Dyfan II*"), ECF No. 1. Target answered on April 5, 2021, and it did not assert counterclaims. *Dyfan II*, ECF No. 15. On August 21, 2021, Target moved for summary judgment based on collateral estoppel and written description in *Dyfan II*. *Dyfan II*, ECF No. 22. The parties briefed and argued both at a combined hearing on November 17, 2021. *Dyfan II*, ECF No. 37. The parties also had oral argument in the *Dyfan I* appeal in November 2021.

On November 18, 2021, fact discovery opened in *Dyfan II*. In December 2021, Dyfan served a set of interrogatories and document requests related to the *Dyfan II* Patent. Target responded in January 2022 and, among other things, disclosed that certain of the accused functionality had been "discontinued and removed from the App prior to the commencement of this case." ECF No. 79-17 at 8. The parties dispute the scope of this response and the notice it provided regarding the accused functionality to Dyfan.

On March 24, 2022, the Federal Circuit ruled in favor of Dyfan, reversing and remanding this Court's claim construction order in *Dyfan I*. ECF Nos. 64, 65. Thereafter, the parties

---

[1] Unless stated otherwise, all citations to the docket are to *Dyfan v. Target*, Civ. No. 6:19-cv-179 ("*Dyfan I*").

immediately moved to consolidate *Dyfan I* and *II* based on the significant overlap between the two cases. *Dyfan II*, ECF No. 44. Almost a week later, on March 30, 2022, Target supplemented its January 2022 interrogatory responses, stating in part "the 'Cartwheel near you' deals functionality was decommissioned by Target on February 27, 2020." ECF No. 79-8 at 5. The parties also dispute the scope of this response and the notice it provided to Dyfan regarding the accused functionality.

███████████████████████████████████████████████████████████████████

██████████████████████████. The parties paused those discussions, and the Court entered a scheduling order on November 8, 2022. ECF No. 76. In February 2023, Target served a second supplemental interrogatory response stating the accused functionality had been decommissioned on February 27, 2020, and that this applied to any "equivalent functionality marketed or referenced under a different name (*e.g.*, 'Cartwheel Nearby', 'Target Circle near you', 'Nearby Feature', 'Cartwheel Offers Near You', 'Deals Nearby') (collectively referred to herein as 'the Accused Deals Nearby Functionality')." ECF No. 79-1 at 6. It also produced additional documentation that showed the accused functionality was removed from Target's apps. ECF No. 79-2.

█████████████████████████████████████████████ On April 3, 2023, Dyfan narrowed its asserted claims, which withdrew the asserted claims of the *Dyfan II* Patent, all asserted claims of the '899 Patent, and all but fifteen claims of the '292 Patent in *Dyfan I*. ECF Nos. 79-15, 79-16. Dyfan then filed this Motion on April 10, 2023, requesting that the remaining claims in the consolidated *Dyfan I* and *Dyfan II* actions be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). ECF No. 79 at 1. Target filed its opposition to Dyfan's Motion on April 21, 2023, ECF No. 83, and Dyfan filed its Reply on April 28, 2023. ECF No. 88.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 41(a)(2) provides for dismissal by court order at the

plaintiff's request at the discretion of the court "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice . . ." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In considering the motion for dismissal, the Court "first ask[s] whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id*. at 317–18. Plain legal prejudice can occur when the non-movant is "stripped of an otherwise available defense" or when the non-movant has expended significant time and effort. *Epistar Corp. v. Lowe's Companies Inc*., No. 6:20-CV-00420-ADA, 2022 WL 2759093, at *5 (W.D. Tex. July 14, 2022) (*citing Robles v. Atl. Sounding Co*., 77 Fed. App'x 274, 275 (5th Cir. 2003)). The prospect of additional litigation or the costs associated with it do not constitute plain legal prejudice. *Robles*, 77 Fed. App'x at 276.

### III.   ANALYSIS

Dyfan moves to dismiss without prejudice the remaining claims in the consolidated *Dyfan I* and *Dyfan II* actions for two reasons. ECF No. 79 at 1–2. First, Dyfan asserts that *Dyfan II* and the claims of the '899 patent in *Dyfan I* were already dismissed when Dyfan voluntarily withdrew all asserted claims from the '146 and '899 Patents. *Id.* at 1. It thus argues that this operated as a dismissal without prejudice, and because the Court no longer has subject matter jurisdiction, it must dismiss without prejudice. *Id.* Second, Dyfan argues that the remaining claims in *Dyfan I* should be dismissed without prejudice because further litigation is impractical, and Target will not suffer legal prejudice. *Id.* at 2. Target opposes the Motion, as it claims that Dyfan requests a "'do-

4

over' as it 'approaches the impending precipice of defeat.'" ECF No. 83 at 1. The Court addresses each argument in turn.

### A. Dyfan's Claim Narrowing and Voluntary Withdrawal of the '146 and '899 Patents

Dyfan argues that its narrowing of the asserted claims pursuant to the Scheduling Order operates as a dismissal without prejudice. ECF No. 79 at 7. Dyfan withdrew all claims from the *Dyfan II* Patent and the claims of the '899 patent asserted in *Dyfan I*. ECF No. 79-16. It thus argues that there is no need for a formal dismissal or stipulation, as its voluntary withdrawal already dismissed those claims without prejudice, regardless of Target's objections. *Id.* (*citing Alcon Rsch. Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014); *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012). But Target disagrees, arguing that Dyfan's proposed claim narrowing is Dyfan's attempt to (i) amend its Complaint in *Dyfan I* to drop Count 1 for alleged infringement of the '899 Patent, and (ii) dismiss under Rule 41(a)(2) its Complaint in *Dyfan II* that only alleges infringement of the '146 Patent. ECF No. 83 at 10. Target asserts that Dyfan needs the Court's permission to do both. *Id.*

The Court agrees with Target that Dyfan's claim narrowing in *Dyfan I* and *Dyfan II* is "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint, ... or a Rule 41(a) voluntary dismissal of claims without prejudice." *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (citing *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012)); *see also Oyster Optics LLC v. Cisco Sys., Inc.*, 2:20-CV-00211, 2021 WL 1530935, at *5 (E.D. Tex. Apr. 16, 2021) ("'[A] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as dismissal without prejudice . . . It is well established that a dismissal without prejudice should not preclude re-litigation of the dismissed claims in the same court."). Dyfan only alleges

5

infringement of the '146 Patent in *Dyfan II*, so its narrowing of the claims in *Dyfan II* is effectively a voluntary dismissal under Rule 41(a)(2). *See SanDisk*, 695 F.3d. at 1353. Alternatively, its narrowing in *Dyfan I* withdrew Count 1 for alleged infringement of the '899 Patent, leaving fifteen claims of the '292 Patent remaining, which is properly treated as an amendment under Rule 15. *See id*. ("[A] plaintiff's motion to dismiss a single claim of a multi-count complaint is properly treated as an amendment under ... [Rule] 15.").

Accordingly, the Court does not agree with Dyfan's assertion that its voluntary withdrawal of the '146 and '899 patents eliminated subject matter jurisdiction. ECF No. 79 at 7. Dyfan cites *SanDisk* in support, but there the Federal Circuit determined that the plaintiff's withdrawal of certain claims after the district court entered its claim construction order, no matter how they were withdrawn, were no longer at issue before it. *See SanDisk*, 695 F.3d. at 1353. The Federal Circuit thus confirmed that it had no final judgment before it with respect to the withdrawn claims to review on appeal. *See id*. But it specifically noted that the plaintiff's withdrawn claims were akin to either a Rule 15 amendment or Rule 41(a) voluntary dismissal. *Id.* The question of the district court's continuing jurisdiction over those withdrawn claims was not at issue. *Id.* Likewise, in *Alcon*, the plaintiff informed the defendant of its decision to drop certain claims, and the defendant subsequently omitted them from the pretrial order. 745 F.3d at 1193. The record showed that neither party put forward any evidence or arguments on those claims at trial, and so the Federal Circuit held that the district court's treating of Plaintiff's complaint as amended to remove those claims as of the time of the trial was not an abuse of discretion. *See id*. Neither decision contemplated the district court's jurisdiction over the withdrawn claims.

If Dyfan is correct in arguing that claim narrowing deprives the Court of subject matter jurisdiction as to those claims, then a plaintiff would never need to seek dismissal under Rule

41(a)(2) or an amendment under Rule 15 if it could simply drop its claim, regardless of any opposition. The Court declines to hold such a notion.

That said, whether Dyfan's claim narrowing constitutes a Rule 15 amendment or Rule 41(a)(2) dismissal, Federal Circuit caselaw supports that such narrowing constitutes a dismissal without prejudice. *See, e.g.*, *Alcon*, 745 F.3d at 1193; *SanDisk*, 695 F.3d at 1353; s*ee also Nilssen v. Motorola, Inc.,* 203 F.3d 782, 784 (Fed. Cir. 2000) ("In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules."). This Court, consistent with the holdings of other courts, encourages the parties' narrowing of claims before trial. *See Epistar*, 2022 WL 2759093, at *5 ("The Court implemented the requirement that parties meet and confer to discuss narrowing claims not because the Court wants parties to merely discuss narrowing asserted claims, but to actually narrow their claims.").

Target contends, though, that the Court must still consider whether Target will be prejudiced by Dyfan's claim narrowing. ECF No. 83 at 11. To be sure, the parties do not dispute that Dyfan served its "Narrowed List of 15 Asserted Claims" on April 3, 2023, two months before the parties' *jointly* proposed deadline for the second of two meet and confers to discuss narrowing the number of claims asserted to triable limits. *See* ECF Nos. 74, 76; ECF No. 83 at 8. Nevertheless, the Court will evaluate whether Target will be prejudiced by Dyfan's proposed claim narrowing and its request to dismiss the remaining claims of the '292 Patent in *Dyfan I*.

### B.  Whether Target Will Be Prejudiced by a Dismissal Without Prejudice

Target argues that it would be prejudicial to dismiss this case without prejudice at this stage and asserts that (i) Dyfan knows an adverse ruling is likely imminent; (ii) Dyfan's delay exacerbated prejudice to Target; and (iii) this case is distinguishable from *Epistar*, where this Court

7

granted the plaintiff's motion to amend its complaint over the objections of the defendant. ECF No. 83 at 12–18.

First, Target argues that Dyfan knows an adverse ruling is likely imminent because all 100 asserted patent claims lack written description support in their shared patent specification. *Id.* at 12. In *Dyfan I*, this Court found that there was no structure disclosed in the specification for any of the contested claim limitations that were the subject of the means-plus-function arguments. ECF No. 57. But on appeal, the Federal Circuit reversed and remanded this Court's finding that the claim terms were means-plus-function terms without reaching the question of whether the specification lacked any disclosure of structure for performing the claimed functions. ECF No. 64.

Even so, Target argues this Court's reasoning in *Dyfan I* applies to Target's pending Motion for Summary Judgment of Invalidity that was filed against the *Dyfan II* Patent. ECF No. 83 at 13. Target asserts that the *Dyfan II* Patent claims the same functionality as the *Dyfan I* Patents, but does so in method claim format, which does not change the fact that the specification does not disclose any support for the claimed functions/steps. *Id.* Thus, Target argues that the asserted claims of the *Dyfan II* Patent should be dismissed because the *Dyfan II* Patent fails to satisfy the written description requirements of § 112, ¶ 1. Dyfan replies that Target's summary judgment motion was predicated on the Court's claim construction order in *Dyfan I*, which was reversed and remanded by the Federal Circuit. ECF No. 88 at 2. Accordingly, Dyfan argues that Target's assertion that an adverse ruling is imminent lacks merit. *Id.*

Target also asserts that an adverse ruling is imminent because Dyfan failed to pursue the evidence in this case that is necessary for it to establish a prima facie case of infringement. ECF No. 83 at 13. As an example, it claims that Dyfan did not review Target's source code or seek any discovery from relevant third parties that provide components of the accused system, *Id.*, while

Dyfan replies that it has identified sufficient support to establish Target's infringement, but the resulting damages do not justify further litigation. ECF No. 88 at 3.

The Court finds Target's argument that Dyfan seeks dismissal to avoid an adverse ruling unpersuasive. A pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the Court's analysis and does not by itself preclude dismissal. *See Glascock v. Prime Care Seven, L.L.C.*, No. SA-08-CA-334FB, 2008 WL 2600149, at *2 (W.D. Tex. June 26, 2008). Although Target argues that the Federal Circuit did not disturb this Court's finding that there was no structure disclosed in the specification for any of the contested claim limitations that were the subject of the means-plus-function arguments, the Federal Circuit specified that it did not reach this step because it found that the disputed claim limitations were not drafted in means-plus-function format. ECF No. 44 at 11. n.3. The Court is therefore not inclined to agree with Target that this means an adverse ruling is imminent.

The Court also will not find at this stage that an adverse ruling is imminent based on Target's argument that Dyfan failed to seek relevant discovery. The cases Target cites in support do not suggest otherwise. ECF No. 83 at 9.[2] In *Harris*, the court of appeals found that the plaintiffs' dismissal of the suit was intended to avoid an imminent result on summary judgment because the plaintiffs conceded that they could not prove cause, a requisite element in their case. *See* 500 Fed. Appx. at 268. In *Hartford*, the appellate court did not address whether an adverse ruling was imminent, *see* 903 F.2d at 361, and in *Davis*, the magistrate judge had issued a "comprehensive recommendation that was adverse to [plaintiff's] position." 936 F.2d at 199. Accordingly, the Court does not find it proper to deny Dyfan's Motion based on Target's assertion of an imminent

---

[2] Citing *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012) (per curiam); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

9

adverse ruling.

Target also argues that Dyfan delayed in moving to dismiss, which exacerbates the prejudice to Target. ECF No. 83 at 14. The parties dispute when Dyfan knew that Target had removed the Accused Deals Nearby Functionality from its mobile app and whether Dyfan delayed in bringing this Motion. Target argues that Dyfan knew that it did not have a good-faith basis to accuse Cartwheel Near You of infringement of the *Dyfan II* Patent since at least February 2022. *Id*. Dyfan, however, argues otherwise, asserting that Target only confirmed it had removed the broader "deals nearby" functionality in February 2023. ECF Nos. 79 at 9–11, 88 at 3–4.

Based on the evidence before it, the Court agrees with Dyfan that Dyfan did not delay once it received confirmation that Target had decommissioned the accused functionality. Dyfan acknowledges that Target provided discovery as early as January 6, 2022, that suggested Target had removed "Cartwheel Nearby" (also known as "Target Circle near you") on February 27, 2020. ECF No. 79-3. It argues, though, that Target did not provide confirmation that the accused functionality was actually removed. ECF No. 88 at 4. It also contends that Target's March 30, 2022, supplemental Interrogatory response did not confirm removal of the accused functionality, because Target's supplemental response for the iOS mobile app referenced Cartwheel but did not convey whether Target Circle used equivalent functionality. ECF No. 79 at 10 (citing ECF Nos. 79-8, 79-12). In contrast, for Android, Target stated, "Target has determined that the Target Mobile Application for Android devices does not and has not included the "Cartwheel near you" deals functionality (nor any equivalent functionality) . . .." *Id*. Target responds that it made its source code available for inspection to Dyfan, and that if it had inspected the code, Dyfan could have determined that the functionality was decommissioned. ECF No. 83 at 16. But whether Dyfan should have reviewed that source code does not definitively determine that Dyfan delayed in

10

bringing this Motion. Based on the evidence submitted by both parties, once Target confirmed that the accused functionality had been decommissioned, Dyfan sought to negotiate resolution without delay. Importantly, although Target argues that Dyfan's delay exacerbated the prejudice to Target, it does not specifically identify any cognizable legal prejudice. Accordingly, the Court disagrees with Target's arguments about the timing of Dyfan's Motion.

Finally, Target insists that the facts here are different from *Epistar*, where this Court granted the plaintiff's motion to amend its complaint, and which Target argues Dyfan relied on for support during the meet and confer process. ECF No. 83 at 16–18 (citing *Epistar*, 2022 WL 2759093). Namely, Target asserts that unlike in *Epistar*, here, Target has a pending motion for summary judgment of invalidity, fact discovery ended five days before Dyfan filed this Motion, Target has not consented to the dismissal without prejudice, and opening expert reports are due within a month of Dyfan filing this Motion. ECF No. 83 at 17–18. Target thus argues that the facts here require a different outcome than the one in *Epistar*. *Id.*

The Court, however, finds that its analysis in *Epistar* still applies. Although the defendant in *Epistar* did not oppose plaintiff's proposed amendment to withdraw a patent from the case, whether such an amendment should be with prejudice was the dispositive question. *Epistar*, 2022 WL 2759093, *3. There, much as here, the defendant argued that the plaintiff delayed in bringing the motion to dismiss, and that the parties had disclosed final contentions and discovery had been taken. *Id.* at *4. But the Court noted that the plaintiff sought to dismiss its claims before the deadline for claim narrowing to which the parties agreed, and the defendants specified no cognizable legal prejudice apart from the time and effort it had expended and the prospect of additional litigation. *Id.*

Although the facts here are not identical to those in *Epistar*, the Court still finds that Target

11

has failed to specify any prejudice it would face if Dfyan's claims were dismissed without prejudice. Target has no pending counterclaims and will not lose any defense or legal right. *See Robles*, 77 Fed. App'x at 275 (holding that plain legal prejudice can occur when the non-movant is "stripped of an otherwise available defense"). The prospect of additional litigation or the costs associated with it do not constitute plain legal prejudice. *Id*. at 276. Moreover, Dyfan provided notice of its intention to narrow its claims to Target months before the second deadline for claim narrowing to which Target agreed. *See* ECF Nos. 74, 76; ECF No. 83 at 8. Dyfan filed this Motion only a week later. ECF No. 83 at 8. Even still, plain legal prejudice can occur when the non-movant has expended significant time and effort. *Id*. at 275. But courts that have found plain legal prejudice in this instance have acknowledged that the movant suffered an adverse legal decision before moving for voluntary dismissal. *See, e.g.*, *Robles*, 77 Fed. App'x at 275; *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir.1990); *Davis*, 936 F.2d at 199.

Because Target identifies no legal prejudice it would suffer, apart from the prospect of additional litigation, the voluntary dismissal without prejudice should be granted. *See Elbaor*, 279 F.3d at 317. Further, to ensure that Target's trial preparations will not be wasted, the Court will allow both parties to use any discovery or work product in subsequent litigation. *See Robles*, 77 Fed. App'x at 276; *Templeton v. Nedlloyd Lines*, 901 F.2d 1273 (5th Cir.1990) (affirming district court's approval of a voluntary dismissal where the district court allowed parties to reuse discovery).

## IV. CONCLUSION

For the reasons outlined above, **IT IS ORDERED** that Dyfan's Motion to Dismiss Without Prejudice (ECF No. 79) is **GRANTED** such that the above-styled and numbered cause is **DISMISSED WITHOUT PREJUDICE** pursuant to rule 41(a)(2) of the Federal Rules of Civil

Procedure. Motions pending with the Court, if any, are dismissed as moot. **IT IS FURTHER ORDERED** that both parties will be permitted to use any discovery or work product from this action in subsequent litigation.

**SIGNED** this 2nd day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE